1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAAHDI COLEMAN,                          No.  2:16-cv-0652 AC P

12                  Petitioner,

13        v.                                  <u>ORDER</u> and

14   SUZANNE M. PEERY, et al.,                <u>FINDINGS AND RECOMMENDATIONS</u>

15                  Respondents.

16

17        I.      <u>Introduction</u>

18        Petitioner is a state prisoner incarcerated at California State Prison-Sacramento who

19   proceeds with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a request to

20   proceed in forma pauperis.  This action is referred to the undersigned United States Magistrate

21   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

22        For the reasons that follow, this court recommends the summary dismissal of the petition

23   without prejudice.

24        II.     <u>In Forma Pauperis Application</u>

25        Examination of the in forma pauperis application demonstrates that petitioner is unable to

26   afford the costs of this suit.  <u>See</u> ECF No. 4.  Accordingly, petitioner's application to proceed in

27   forma pauperis will be granted.  <u>See</u> 28 U.S.C. § 1915(a).

28   ////

                                           1

1        III.    Legal Standards on Screening

2        Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct

3   a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to

4   Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and

5   any attached exhibits that the petitioner is not entitled to relief in the district court."

6        In light of petitioner's challenges to a disciplinary hearing and findings, the following

7   legal standards are also applicable.

8        It is well established that prisoners subjected to disciplinary action are entitled to certain

9   procedural protections under the Due Process Clause, although they are not entitled to the full

10  panoply of rights afforded to criminal defendants.  See Wolff v. McDonnell, 418 U.S. 539, 556

11  (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549

12  F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least

13  amount of due process along the prosecution continuum).

14       A prisoner is entitled to advance written notice of the charges against him as well as a written

15  statement of the evidence relied on by prison officials and the reasons for the disciplinary action.  See

16  Wolff, 418 U.S. at 563.  A prisoner also has a right to a hearing at which he may "call witnesses and

17  present documentary evidence in his defense when permitting him to do so will not be unduly

18  hazardous to institutional safety or correctional goals."  Id. at 566; see also Ponte v. Real, 471 U.S.

19  491, 495 (1985).  An investigative officer may be required to assist prisoners who are illiterate or

20  whose case is particularly complex.  Wolff, 418 U.S. at 570.  The disciplinary hearing must be

21  conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause."  Id. at

22  571.  Finally, the decision rendered on a disciplinary charge must be supported by "some evidence" in

23  the record.  Hill, 472 U.S. at 455.

24       Recently, in Nettles v. Grounds, 830 F.3d 922 (July 26, 2016) (en banc), the Ninth Circuit

25  Court of Appeals held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,'

26  it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983[.]"  Nettles,

27  830 F.3d at 931, 934 (citations omitted).  In Nettles, the court found that success on the merits of

28  the petitioner's challenged disciplinary proceeding would not necessarily impact the fact or

2

1    duration of his confinement, and therefore his challenge did not fall within "the core of habeas

2    corpus."  The court reasoned that "[s]uccess on the merits of Nettles's claim would not

3    necessarily lead to immediate or speedier release because the expungement of the challenged

4    disciplinary violation would not necessarily lead to a grant of parole."  Nettles, 830 F.3d at 934-

5    35.  However, the court left open the possibility that petitioner's claims could be brought in a civil

6    rights action under Section 1983.

7         IV.    The Instant Petition

8         In the instant petition (338 pages in length with exhibits), petitioner asserts that he is

9    "challenging prison conditions of confinement/prison disciplinary hearing."  ECF No. 1 at 1.

10   Petitioner challenges his September 21, 2014 disciplinary hearing at High Desert State Prison and

11   the resulting finding that petitioner was guilty of "battery on an inmate with a weapon," a

12   "Division A1 offense" (CDC 115 No. FC-14-04-007).  See ECF No. 1 at 202-10.  Petitioner was

13   assessed 360 days loss of credit (noting that "there is no credit restoration available for a Division

14   A1 offense"), 60 days loss of canteen privileges, 20 days loss of yard exercise privileges, and

15   referral to the Institutional Classification Committee for assessment of a term in the Segregated

16   Housing Unit (SHU).  Id. at 207.

17        Petitioner challenges, on federal due process and state law grounds, the alleged failure of

18   prison officials to convene his disciplinary hearing within 30 days after the alleged offense; the

19   alleged denial of his right to staff assistance; and the alleged denial of his right to call witnesses

20   and present evidence on his own behalf.  Petitioner also challenges the screening out of his

21   relevant administrative appeal, and asserts the denial of his First Amendment right to access the

22   courts.  The petition names two respondents, High Desert State Prison Warden Perry, and

23   California Correctional Institution Warden Holland, neither of which is the proper respondent in

24   this action.[1]

25        Petitioner states that he exhausted his state court remedies on claims alleging a violation

26   _____

27   [1]  A federal petition for writ of habeas corpus must name as respondent the state officer who
     currently has custody of petitioner.  See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing
     Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55
28   (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1   of due process and insufficiency of the evidence, and contends that the lower court decisions are

2   contrary to and an unreasonable application of clearly established law, including the failure of the

3   courts and prison to apply the prison "mailbox rule" (sic).

4       Petitioner seeks to have the "RVR dismissed in its entirety per DOM 54100.20.1 and that

5   petitioner be restored to the status he previously enjoyed." ECF No. 1 at 24, 53.  It appears that

6   petitioner is serving a life sentence.  See ECF No. 1 at 177.

7       V.    Analysis

8       This court may consider the merits of an application for writ of habeas corpus by a state

9   prisoner only on the ground that he is in custody in violation of federal law.  See 28 U.S.C. §

10  2254(a).  Therefore, to the extent that plaintiff challenges his disciplinary hearing and conviction

11  based on an alleged violation of the California Department of Corrections and Rehabilitation

12  Department Operation Manual (DOM), such challenge is noncognizable in federal habeas.

13      More significantly, petitioner does not allege that his term of incarceration will be

14  shortened or terminated if he is successful on his federal due process claims.  Nor is there

15  anything in the petition and exhibits to suggest that petitioner, who is apparently serving a life

16  sentence, would serve a shorter sentence in the absence of the 360-day credit loss imposed as a

17  result of his disciplinary conviction.  "If the invalidity of the disciplinary proceedings, and

18  therefore the restoration of good-time credits, would not necessarily affect the length of time to be

19  served, then the claim falls outside the core of habeas and may be brought in § 1983."  Nettles,

20  830 F.3d at 929 (fn. omitted) (citing Muhammad v. Close, 540 U.S. 749, 754-55 (2004)).[2]

21      These authorities support the finding that this action may not proceed in habeas corpus but

22  may, potentially, proceed only under 42 U.S.C. § 1983.

23      The next question is therefore whether the instant petition should be construed as a civil

24  rights complaint.  "A district court may construe a petition for habeas corpus to plead a cause of

25  action under § 1983 after notifying and obtaining informed consent from the prisoner."  Nettles,

26  _____

27  [2]  "[W]here. . . a successful § 1983 action would not necessarily result in an earlier release from incarceration. . . the favorable termination rule of Heck and Edwards does not apply."  Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (citing Heck v. Humphrey, 512 U.S. 477, 483, 486-87

28  (1994), and Edwards v. Balisok, 520 U.S. 641, 644 (1997)).

830 F.3d at 936. "'If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

The undersigned finds that it would be inappropriate to construe the instant petition as a civil rights complaint.  The petition is excessively long, rendering conversion unwieldy, and the claims are presented in "habeas corpus" terminology.  The petition does not name or otherwise identify a proper civil rights defendant.  Petitioner concedes that he did not exhaust his administrative remedies, which is a requirement for civil rights actions under the Prison Litigation Reform Act, so plaintiff must be prepared to demonstrate that he exhausted the remedies that were available to him.  See 42 U.S.C. § 1997e(a).  Additionally, petitioner should be accorded the opportunity to consider the potential impact of obtaining in forma pauperis status on his claims in a civil rights  case, as it may impact his eligibility for in forma pauperis status in future cases.  See 28 U.S.C. § 1915(g) (prohibiting in forma pauperis status to prisoners who have had three or more cases dismissed as frivolous, malicious or for failure to state a claim).  Plaintiff has pursued at least 11 civil rights cases in this court, three of which remain open; he has also pursued 6 habeas corpus actions, two of which remain open.[3]

For these several reasons, the undersigned finds that the instant petition fails to state a cognizable claim for habeas relief and should be dismissed on that basis.  See Rule 4, Rules Governing Section 2254 Cases; Nettles v. Grounds, 830 F.3d 922 (July 26, 2016) (en banc).  This court further finds that it is inappropriate to construe the instant petition as a civil rights complaint.  Dismissal of this action without prejudice will allow petitioner, at his discretion, to decide whether to pursue his claims in a new civil rights action.

////

---

[3]  A court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

VI.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Petitioner's request to proceed in forma pauperis in the instant case, ECF No. 4, is granted; the $5.00 filing fee is waived.

2.  The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1.  The instant action filed pursuant to 28 U.S.C. § 2254 be dismissed without prejudice for failure to state a cognizable claim for habeas relief.  See Rule 4, Rules Governing Section 2254 Cases; Nettles v. Grounds, 830 F.3d 922 (July 26, 2016) (en banc).

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE