UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | No. 2:16-cv-0652 MCE AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, Warden, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner incarcerated at California State Prison Sacramento (CSP-SAC) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his September 21, 2014 disciplinary conviction for battery on another inmate.

Currently pending is respondent's motion to dismiss this action on the ground that it is procedurally barred and because petitioner did not exhaust his state judicial remedies. ECF No. 11. Petitioner filed an opposition, ECF No. 16; respondent filed a reply, ECF No. 20.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends that respondent's motion to dismiss this action be granted.

II. Background

On April 10, 2014, while housed at High Desert State Prison (HDSP), petitioner was involved in a fight with three other inmates. On April 11, 2014, he was issued a disciplinary Rules Violation Report (RVR) charging him with battery on an inmate with a weapon, in violation of Cal. Code Regs. tit. 15, § 3005(d)(1). ECF No.1 at 202.

On September 9, 2014,[1] an investigative employee (IE) was assigned to assist petitioner in preparing for the RVR hearing. The IE reported that petitioner had declined his offers to gather evidence, obtain witnesses, or make inquiries of others involved in the incident. Id. at 208. The IE prepared a report and provided a copy to petitioner on or before September 12, 2014. Id.

On September 21, 2014, petitioner appeared before a Senior Hearing Officer (SHO) at the RVR hearing to adjudicate his disciplinary charge. Id. at 204-208. Petitioner pled not guilty to the charge, id. at 204; however, the SHO found petitioner guilty, id. at 205.

On November 19, 2014, petitioner received a copy of the final RVR decision reflecting his disciplinary conviction. Id. at 204.

Petitioner avers that on December 16, 2014, he completed and signed a CDCR 602/inmate appeal challenging the findings of the SHO (Log No. HDSP-2-15-00045). Id. at 198-200. To be timely, an inmate appeal must be submitted "within 30 calendar days of . . . the occurrence of the event or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b)(1). Petitioner states that he "took precautions" to ensure the timely submission of this appeal, due to concerns based on his prior experience with inmate appeals. Coleman Decl. ¶4, ECF No. 16 at 15. Petitioner avers, id. at ¶¶ 4-5:

> I filed (1) appeal by committing my 602 along with a form-22 [informal request] to prison officials personally, and I filed a second appeal by committing my 602 to prison officials via the legal mail system, along with a proof of service by mail form, that must be signed by the mailroom legal desk employee on the date the legal mail is forwarded to its destination.

---

[1] On April 24, 2014, petitioner requested that the RVR hearing be postponed until the Lassen County District Attorney decided whether to criminally prosecute petitioner. ECF No.1 at 204. On May 25, 2014, petitioner revoked his request for postponement. Id. at 156. On September 9, 2014, the District Attorney rejected the referral for felony prosecution. Id. at 204.

2

> The proof of service by mail form proves the exact date I committed my administrative appeal to prisoner officials, December 16, 2014, which is within the (30) day filing deadline. Due to my housing in Administrative Segregation on the date of this incident the court can review prison regulations to confirm the fact the inmates housed in (ASU) do not have access to a stapler or tape, which means the proof of service by mail form must be attached to petitioner's legal mail by prison officials themselves.

See also ECF No. 1 at 220-25 (petitioner's evidence).

The appeal was date-stamped "received" by the HDSP Appeals Coordinator on January 2, 2015. Id. at 198. It was rejected as untimely on January 5, 2015, on the ground that petitioner had failed to "provide a valid explanation why time constraints weren't met as you were issued your final copy on 11/19/14, yet didn't submit your appeal until 1/2/15." Id. at 218, 227-28. The appeal was cancelled on January 12, 2015. Id. at 198.

On January 14, 2015, petitioner completed and signed another inmate appeal (Log No. HDSP-2-15-00193), challenging the cancellation of his prior appeal (Log No. HDSP-2-15-00045). ECF No. 1 at 232-35. The second appeal was date stamped "received" on January 20, 2015. Id. at 232. The appeal was exhausted through Third Level Review (TLR), and denied on the ground that the cancellation of petitioner's previous appeal had been proper. Id. at 230-31. The TLR decision reasoned in part, id.:

> The appellant has failed to present evidence that the HDSP staff acted in violation of any laws, policies, or procedures. The CCR 3084.6(c)(4), states, "An appeal may be cancelled for any of the following reasons, which include, but are not limited to: Time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints." The CCR 3084.8(b)(1), states in part, "An inmate or parolee must submit the appeal within 30 calendar days of: The occurrence of the event or decision being appealed."
>
> The TLR concluded that pursuant to the CCR 3084.6(a)(c), HDSP is in compliance with the rules and regulations established by the CDCR. The appellant's cancelled appeal was reviewed and it is clear that the appellant had 30 calendar days to appeal his disciplinary issue from November 19, 2014. The appellant's appeal was not received by the inmate appeals office at HDSP until January 2, 2015, violating allowable time constraints for filing an appeal on this issue. The TLR notes the action taken by the institution was appropriate. Relief at the TLR is not warranted.

Thus, although petitioner exhausted his challenge to the cancellation of his original appeal, the original appeal containing petitioner's substantive challenge his disciplinary conviction remained unexhausted, both administratively and in the California courts.

On June 24, 2015,[2] petitioner filed a petition for a writ of habeas corpus in the Lassen County Superior Court challenging both his disciplinary conviction and the cancellation of his first inmate appeal as untimely. ECF No. 11, Ex. A. The petition was denied by order filed September 17, 2015, based on the court's finding that "no violation of a Constitutionally-protected right, or statute or regulation is demonstrated." Id., Ex. B.

On September 27, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, on the same grounds. Id., Ex. C. The petition was summarily denied on November 6, 2015. Id., Ex. D.

On November 30, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, again challenging both his disciplinary conviction and the cancellation of his relevant inmate appeal. Id., Ex. E. The petition was summarily denied on March 9, 2016, with the following citation, ECF No. 1 at 29:

> The petition for writ of habeas corpus is denied. (See In re Dexter (1979) 25 Cal. 3d 921, 925-926.).

On March 24, 2016, petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging both the merits of his disciplinary conviction and the failure of the state courts to reach to reach those merits. ECF No. 1.

On May 5, 2017, respondent filed the pending motion to dismiss, which has been fully briefed. ECF Nos. 11, 16, 20.

III. The Parties' Arguments

Respondent moves for dismissal on the ground that petitioner's claims are procedurally barred because the state courts denied relief on an independent and adequate state law ground, citing Coleman v. Thompson, 501 U.S. 722, 729 (1991). Respondent contends that dismissal is

---

[2] This filing date reflects application of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

4

also appropriate because petitioner failed to exhaust his state judicial remedies, citing Picard v. Connor, 404 U.S. 270, 275 (1971).

Petitioner responds that the state courts erred in failing to reach the substance of his claims due to the error of CDCR officials, perpetuated by the state courts, in finding his first appeal untimely. Petitioner contends that CDCR officials failed to apply the federal "prison mailbox rule" to ascertain the submission date of his appeal. Petitioner also contends that he can overcome the resulting procedural bar to this court's substantive review based on a showing of "cause and prejudice" and a "fundamental miscarriage of justice," citing Coleman, 501 U.S. at 750.

IV. Legal Standards

A. Motion to Dismiss

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Advisory Notes to Rule 5 further provide that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has construed a respondent's motion to dismiss on the ground that petitioner failed to exhaust state judicial remedies as a request for dismissal under Rule 4. O'Bremski, 915 F.2d at 420. Therefore, pursuant to the court's authority under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned reviews respondent's motion to dismiss premised both on petitioner's alleged procedural default and his failure to exhaust his state judicial remedies.

B. Procedural Default: Independent and Adequate State Ground

The procedural default doctrine flows from the principle that federal courts should not reach an alleged violation of federal law on habeas review if the state court's decision rests on an

////

independent and adequate state ground. As explained by the Supreme Court in <u>Coleman</u>, 501 at 750:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

"The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." <u>Walker v. Martin</u>, 562 U.S. 307, 315 (2011). For procedural default to apply, "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." <u>Harris v. Reed</u>, 489 U.S. 255, 261-62 (1989) (quoting <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 327 (1985)).

Procedural default is an affirmative defense and the burden of proving the adequacy of a state procedural bar rests with the state. <u>Bennett v. Mueller</u>, 322 F.3d 573, 585-86 (9th Cir. 2003). To qualify as adequate, the state rule must be "firmly established and regularly followed." <u>Walker</u>, 562 U.S. at 316 (citation and internal quotation marks omitted). "A state rule is consistently applied and well-established if the state courts follow it in the vast majority of cases." <u>Scott v. Schriro</u>, 567 F.3d 573, 580 (9th Cir. 1994) (citation and internal quotation marks omitted). "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." <u>Bennett</u>, 322 F.3d at 586.

        C.      Exhaustion of State Judicial Remedies

The exhaustion of available state remedies is a prerequisite to a federal court's jurisdiction to consider claims presented in a federal habeas corpus petition. <u>See</u> 28 U.S.C. § 2254(b); <u>see also</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all of his claims before presenting them to the federal court. <u>Picard</u>, 404 U.S. at 276; <u>Middleton v. Cupp</u>, 768 F.2d

1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Raising a claim before the state courts "in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' . . . does not . . . constitute 'fair presentation'" for purposes of exhaustion. Castille v. Peoples, 489 U.S. 346, 351 (1989) (citations omitted).

IV. Analysis

    A. Procedural Default

The California Supreme Court summarily denied petitioner's state habeas petition on March 9, 2016, with a citation to In re Dexter, 25 Cal. 3d 921, 925-926 (1979). See ECF No. 1 at 29. In Dexter, the California Supreme Court observed that "[a]s a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies," and held that "[t]he requirement that administrative remedies be exhausted applies to grievances lodged by prisoners." Id. at 925 (citations and internal quotation marks omitted). The Dexter Court went on to find that the petitioner in that case had not exhausted his prison administrative remedies. Id. Accordingly, the California Supreme Court's citation to Dexter in petitioner's case indicates that it was declining to reach the merits on grounds that petitioner had not exhausted his administrative remedies.

Federal courts in California have routinely held that the California Supreme Court's denial of a habeas petition with a citation to Dexter bars federal habeas review because California's administrative exhaustion rule is "independent" of federal law and "adequate" to support the state court's judgment. See e.g. Stamos v. Davey, 2017 WL 412619, at *3, 2017 U.S. Dist. LEXIS 14143, at *5-7 (N.D. Cal. Jan. 31, 2017) (Case No. 16-cv-04860 TEH) (collecting cases) (citing, inter alia, Bartholomew v. Haviland, 467 Fed. Appx. 729, 730-31 (9th Cir. 2012) ("This exhaustion of administrative remedies requirement is well-established and consistently applied in California law, thus meeting the requirements for an adequate state ground.")). This court agrees. Lower California courts regularly cite Dexter for the proposition that the exhaustion of administrative remedies is a jurisdictional prerequisite to resort to judicial review. See, e.g., Wright v. State, 122 Cal. App. 4th 659, 665 (2004).

Accordingly, respondent has met his burden of initially establishing the affirmative

defense of procedural default, and petitioner has not produced evidence demonstrating the general inadequacy of the rule. Accordingly, petitioner's claims are defaulted and barred in this court unless he can demonstrate cause and prejudice. See Coleman, 501 U.S. at 729.

Petitioner contends that his default should be excused because it was caused by the failure of CDCR and the California courts to afford him the benefit of the "prison mailbox rule" recognized by the United States Supreme Court in Houston v. Lack, 487 U.S. 266, 276 (1988). Specifically, petitioner argues that his initial inmate appeal should have been deemed timely because it was submitted within the prescribed 30 day period even though it was received by prison authorities after the deadline. In effect, petitioner contends that prison officials erred in processing his inmate appeal and that the California Supreme Court erred in ruling that he had failed to properly exhaust his administrative remedies.

This court, however, does not review the application of state law by state courts. See, generally, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (federal habeas court is bound by state court's interpretation of state law). The timeliness rules applicable to California inmate appeals are a question of state law that this court may not review.

In the procedural default context, the federal court does not review whether the state procedural rule was correctly applied, but only whether it is an independent and adequate rule. The only exception exists where there has been an "exorbitant application" of a generally sound procedural rule. Lee v. Kemna, 534 U.S. 362, 376 (2002). In this context, the U.S. Supreme Court has left open the possibility that a state ground may be found inadequate when "discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law." Walker v. Martin, 562 U.S. 307, 320 (2011) (quoting 16B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4026, p. 386 (2d ed. 1996)). That is not the case here. There was nothing novel or unforeseeable about the California courts rejecting a habeas petition challenging a prison disciplinary decision, when the underlying inmate appeal of the matter had been rejected as untimely. See Wright, 122 Cal. App. 4th at 665.

Petitioner's quarrel is with the correctness of the untimeliness finding. He included that issue in his petition to the California Supreme Court (ECF No. 11, Ex. E), providing that court an opportunity to consider whether the prison mailbox rule or its state law equivalent rendered his underlying administrative appeal timely.[3] The state court's resolution of that issue is not subject to review here.

"Federal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules." Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999). For this reason, the court does not consider petitioner's arguments that lower California courts have adopted a constructive filing rule similar to the prison mailbox rule. See, e.g., In re Lambirth, 5 Cal. App. 5th 915 (2016). The ultimate arbiter of California law is the California Supreme Court, and its ruling on petitioner's habeas petition cannot be re-litigated in this court.

An allegation of state court error does not meet petitioner's burden of establishing cause for default. Moreover, the "miscarriage of justice" exception does not apply. See Schlup v. Delo, 513 U.S. 298, 327 (1995) (a petitioner establishes miscarriage of justice by demonstrating his actual innocence). Accordingly, the federal petition is procedurally barred.

### B. Exhaustion of State Court Remedies

The court's conclusion that petitioner's claims are procedurally defaulted also compels the conclusion that he has failed to exhaust his state court remedies. See Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc), cert. denied 420 U.S. 973 (1975) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.") (citations omitted).

---

[3] The prison mailbox rule provides that an inmate pleading is deemed filed when delivered to prison authorities for mailing, rather than on the date of receipt by the court. Houston, 487 U.S. at 276. It is a federal rule applied in calculating the timeliness of federal and state court filings. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Petitioner has identified California precedent applying an analogous "prison delivery rule" to inmate appeals. In re Lambirth, 5 Cal. App. 5th 915 (2016). As explained above, however, the California Supreme Court and not this court has the final say on the correct application of state law.

CONCLUSION

For the reasons explained above, the undersigned finds that the instant petition is procedurally barred and should be dismissed on that basis, and because petitioner failed to exhaust state court remedies. See Rule 4, Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 11, be granted; and

2. This action be dismissed as procedurally barred and for failure to exhaust state judicial remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: February 8, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE